IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

KADEER KHANDAN
(POSSIBLY A.K.A. QADEER KHANDAN,
QADER KHANDAN, OR KADER KHANDAN)
    DETAINEE,
      GUANTANAMO BAY NAVAL STATION
      GUANTAMAMO BAY, CUBA

                Petitioner/Plaintiff

      v.

                                      CASE NUMBER: 1:05CV01697 (RBW)

GEORGE W. BUSH, ET AL.

                Respondents/Defendants

**PETITIONERS' MEMORANDUM IN OPPOSITION TO RESPONDENTS'
MOTION FOR ORDER TO SHOW CAUSE**

      Petitioner Kader Khandan, through his undersigned counsel, submit this Memorandum in Opposition to Respondents' Motion for Order to Show Cause Why Case Should Not Be Dismissed For Lack of Proper "Next Friend" Standing or, In the Alternative, to Stay Proceedings Pending Related Appeals and for Continued Coordination ("Motion for Order to Show Cause").

      Respondents argue that Petitioner: did not directly authorize the filing of the instant Habeas petition(Motion for Order to Show Cause at fn. 1); and/or, assuming the petition was brought by a next friend, has "fail[ed] to satisfy the standing requirements articulated by the Supreme Court in Whitmore. If petitioners are unable to demonstrate that the petitions were filed by legitimate next friends, the Court cannot exercise jurisdiction over the petitions, and they must be dismissed for lack of standing." (Motion for Order to Show Cause at 13.) However, since counsel has not been permitted to meet

with Mr. Khandan and have no access to information about his ability to prepare and file a habeas corpus petition on his own behalf other than Respondents' selective and demonstrably incomplete factual submission, counsel is currently unable to respond to the Respondents speculative challenge to the facial authenticity of his direct authorization. Similarly, as result of having no access to Mr. Khandan, the bar that Respondents would raise to a Next Friend petition is insuperable; it requires a showing that, in the distinctive circumstances of the detainees at Guantánamo Bay Naval Station ("Guantánamo Bay"), could never be made when a petition is filed.

Upon receiving security clearance, undersigned counsel are prepared to travel promptly to Guantánamo Bay to seek, among other things, further authorization from Mr. Khandan to represent him. Such authorization from Mr. Khandan would render moot the Order to Show Cause sought by Respondents. Because counsel has not yet been afforded the opportunity to meet with Mr. Khandan, Respondents' Motion is premature and unwarranted.

## I. RESPONDENTS MOTION TO SHOW CAUSE SHOULD BE DENIED

### A. The Supreme Court Has Ruled that Petitioner Has the Right To File Habeas Petitions with the Advice and Assistance of Counsel

The Supreme Court has made clear that the federal habeas statute "confers on the District Court jurisdiction to hear petitioners' habeas corpus challenges to the legality of their detention at the Guantanamo Bay Naval Base." *Rasul,* 124 S. Ct. at 2698. The detainees may not be denied the access to counsel that is crucial to their ability to bring such challenges in federal court. *See Hamdi v. Rumsfeld,* 124 S. Ct. 2633, 2652 (2004) (plurality opinion of O'Connor, J.) ("He [Hamdi] unquestionably has the right to access to counsel in connection with the proceedings on remand."); *id.* at 2660 (concurring opinion of Souter, J.); *Rasul,* 124 S. Ct. at 2698 n.15 (plaintiffs' allegations of detention "without access to counsel and without being charged with any wrongdoing-unquestionably describe 'custody in violation of the Constitution or laws or treaties of the United States.'"). As Judge Kollar-Kotelly recognized in rejecting the Government's *post-Rasul* argument that the detainees have no right of access to counsel: "The

Supreme Court has found that Petitioners have the right to bring their claims before this Court, and this Court finds that Petitioners cannot be expected to exercise this right without the assistance of counsel." *Ai Odah* v. *United States,* 346 F. Supp. 2d 1, 8 (D.D.C. 2004). As Judge Kollar-Kotelly explained, "the detainees have been detained virtually incommunicado for nearly three years without being charged with any crime. To say that Petitioners' ability to investigate the circumstances surrounding their capture and detention is 'seriously impaired' is an understatement. The circumstances of their confinement render their ability to investigate nonexistent. Furthermore, *it is simply impossible to expect petitioners to grapple with the complexities of a foreign legal system and present their claims' to this Court without legal representation. Petitioners face an obvious language barrier, have no access to a law library, and almost certainly lack* a *working knowledge of the American legal system." [d.* (emphasis added) (quoting *Battle* v. *Armontrout,* 902 F.2d 701,702 (8th Cir. 1990).

      Government officials have publicly acknowledged the necessity of taking action to enable detainees to consult with counsel. For example, during a Department of Defense briefing on July 7, 2004, a senior Justice Department official was asked whether currently unrepresented Guantanamo detainees would have access to counsel. The official replied that lawyers would have access to the detainees but that the "precise details of that would have to be worked out in the future." Defense Department Background Briefing on the Combatant Status Review Tribunals, July 7, 2004, available at http://www.defenselink.mil/ *transcripts/2004/tr20040707-*098l.html. Similarly, in a news briefing two days later, Navy Secretary Gordon England acknowledged that all detainees-including those who were then unrepresented--would "have  legal representation . . .if they elect to do that *[i.e.,* file a habeas corpus petition]." Defense Department News Briefing on the Combatant Status Review Tribunals, July 9, 2004, available at http://www .defenselink. mil/transcripts/2004/ tr20040709-0986.html. He further promised that the Government would "work to facilitate" counsel's access to the unidentified detainees *"as quickly as we can,"* and envisioned the need "to work out something with groups of lawyers or groups of detainees." *Id.* (emphasis added).

**B. Petition is Properly Filed and No Next Friend is Required**

Kadeer Khandan's petition was filed as a result of a letter sent in his behalf by a fellow detainee. (see Exhibit A). This letter was forwarded to undersigned counsel by the Center for Constitutional Rights. This request is easily distinguishable from the other cases the Respondents have lumped together in its motion. Unlike other cases where the government claims that next friends using "boilerplate language" have that a next friend "believes" a detainee wants representation, Exhibit B is direct and unequivocal plea on behalf of Mr. Khandan for representation.

**C. Undersigned Counsel Requests Permission to Confer with Mr. Khandan**

All the issues and concerns raised by the Respondents in their motion could be quickly and easily resolved by allowing the undersigned counsel to go to Guantanamo and confer with Mr. Khandan to determine whether or not he desires to pursue a writ of habeas corpus. If Mr. Khandan desires to be represented, undersigned counsel could obtain an appropriate authorization. If Mr. Khandan does not desire to pursue legal remedies, undersigned counsel will immediately notify Respondents and this Court.

As the Respondents point out in their motion, the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba in In re Guantanamo Detainee Cases, No. 02-CY-0299, et at. (D.D.C. Nov. 8, 2004), § III.C permits counsel two visits with a detainee to determine if the detainee desires representation.[1] Undersigned is only requesting what has been granted in Judge Green's prior order.

Undersigned counsel is familiar with the requirements and restriction set out in the order signed by Judge Green and represents to this Court that he is willing to abide by them. Undersigned Counsel has filled out the appropriate forms to obtain a security clearance and is only waiting on the government to grant the clearance.

---

[1] See Respondent's Motion for Order to Show Cause Why Case Should Not Bed Dismissed for Lack of Proper "Next Friend" Standing Or, In The Alternative, To Stay Proceedings Pending Related Appeals and for Continued Coordination, (Attachment C)

## II. RESPONDENTS MOTION TO STAY SHOULD BE DENIED IN PART

The Respondents have requested the Court to stay proceedings in this case pending resolution of appeals in Khlid, <u>Broumedine and In re Guantanamo Detainee Cases.</u> Petitioner is aware that this Court has granted stays in other cases pending before the Court. As stated above, Petitioner opposes Respondents request to stay proceedings to the extent that it would not permit counsel to travel to travel to Guantanamo and confer with Mr. Khandan. Further, the Respondents should be required to inform counsel of their position on Petitioner's status as an "enemy combatant".

### A. Undersigned Counsel Should Be Allowed to Confer with Mr. Khandan

Respondents have stated in their motion that "In seeking a stay to the extent the next friend petitioners are determined to satisfy applicable requirements, however, respondents do not intend to thereby block counsel access to properly represented petitioners." As stated above, it is Petitioner's position that by the Court allowing counsel to confer with Kadeer Khandan, all of the issues raised by the Respondents would be remedied and a determination as to Mr. Khandan's desires on proceeding can be confirmed. Therefore, Petitioner respectfully requests that if a stay is granted, counsel be allowed to travel to Guantanamo and confer with Mr. Khandan.

The government has yet to reveal whether Mr. Khandan has been classified as an "enemy combatant." Said information is essential to counsels representation of the Petitioner. Said information is readily available to the government and disclosing the same inconsequential to any legitimate government interest.

Therefore, Petitioner respectfully requests the Court to order the Respondents to reveal Petitioner's classification.

## CONCLUSION

Petitioner respectfully requests that Respondents provide Petitioner with meaningful access to counsel so that each Petitioner can retain counsel if he desires to do so in order to fully vindicate his legal right to obtain judicial review of his detention. Petitioner respectfully requests that Respondents' motion to show cause be denied and that undersigned counsel be afforded the opportunity to travel to Guantanamo to meet with Mr. Khandan and confirm that he wishes to challenge his detention.

Further, Petitioner respectfully requests that Respondents request to stay proceedings be denied to the extent that it prohibits undersigned counsel from traveling to Guantanamo and conferring with Mr. Khandan to determine if he desires to proceed on his writ of habeas corpus and that Respondents be required to inform counsel of their position on Petitioner's status as an "enemy combatant",

For all of the foregoing reasons, Respondents' Motion to Show Cause should be denied and Respondents' Motion to Stay, if granted, should not prohibit undersigned counsel from traveling to Guantanamo to confer with Mr. Khandan and should require the Respondents to inform counsel of the exact nature of Petitioner's status.

DATED at St. Johnsbury, Vermont on October 11, 2005.

Respectfully submitted,

David C. Sleigh
Vermont Bar # 1171
SLEIGH & WILLIAMS
364 Railroad Street, Suite E
St. Johnsbury, VT 05819
Tel: (802) 748-5176
Fax: (802) 748-6618
Email:  david.sleigh@sleighandwilliams.com

By: _____
         David C. Sleigh

*Of Counsel*

>Barbara Olshansky (NY0057)
>CENTER FOR CONSTITUTIONAL RIGH
>666 Broadway, 7th Floor
>New York, New York 10012
>Tel: (212) 614-6439
>Fax: (212) 614-6499
>
>Tina Monshipour Foster (TF3555)
>CENTERFORCONSTITUTIONAL RIGHTS
>666 Broadway, 7th Floor
>New York, New York 10012
>Tel: (212) 614-6439
>Fax: (212) 614-6499
>
>Gitanjali S. Gutierrez (GG1234)
>CENTER FOR CONSTITUTIONAL RIGHTS
>666 Broadway, 7th Floor
>New York, New York 10012
>Tel: (212) 614-6439
>Fax: (212) 614-6499